**Abdoulaye DIALLO, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–6067–AG.

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, David H. Hoff, Assistant United States Attorney, Urbana, Illinois, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Abdoulaye Diallo, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

An adverse credibility determination based in part on a negative demeanor finding is entitled to great deference. *See Zhou Yun Zhang*, 386 F.3d at 73. The IJ pointed to instances in the testimony where Diallo gave non-responsive answers and needed to have questions repeated multiple times, a tendency most apparent during Diallo's account of the incidents that were most critical to his claim of past persecution: his arrest, detention, and forced deportation. The IJ found that Diallo's non-responsive answers indicated reluctance to deviate from a script; absent evidence that a reasonable fact-finder would be compelled to conclude to the contrary, this Court must defer to this finding. *See id.*

The adverse credibility finds further support in Diallo's inability to state his date of birth consistently and his failure otherwise to establish his own identity or Mauritanian nationality. Obviously, Diallo could not meet his burden of proof without establishing credibility or identity.

Diallo has waived any challenge to the IJ's denial of CAT relief by failing to address the issue in his brief to this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).